# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**PHALISITY WILLIAMS**                                                                               **PLAINTIFF**

v.                                                                                    No. 3:25-cv-00172-MPM-JMV

**TRANSUNION LLC and KIKOFF**
**LENDING, LLC**                                                                                    **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Phalisity Williams' Motion for Reconsideration [26] of this Court's Order compelling arbitration [22]. Ms. Williams also moves for an expedite ruling [28] and to lift the stay [33]. Defendant Kikoff Lending, LLC ("Kikoff Lending") has responded in opposition [31], [34], and Ms. Williams has filed a reply [32]. The Court has reviewed the record and applicable law and is prepared to rule.

### I. BACKGROUND

On July 7, 2023, Ms. Williams obtained a loan from Kikoff Lending and executed a Loan Agreement and Promissory Note (the "Agreement"). The Agreement contains a broad arbitration clause governed by the Federal Arbitration Act ("FAA"). In its prior Order, the Court found that the arbitration is valid, that Ms. Williams' claims fall within its scope, and that Kikoff Lending did not waive arbitration. The Court therefore compelled arbitration and stayed this action pending arbitration. *See* [22].

Ms. Williams now seeks reconsideration. She argues that the Court committed "manifest error" because it relied on what she characterizes as an unauthenticated arbitration agreement. [26] at 2. She contends Kikoff Lending failed to prove mutual assent and failed to produce the digital evidence she believes is required, such as audit trails, timestamps, an IP address, or metadata, to show that the Agreement is authentic. *Id.* at 5.

## II.  DISCUSSION

Ms. Williams request for reconsideration is governed by Federal Rule of Civil Procedure 59(e). Rule 59(e) relief is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Before a litigant files a Rule 59(e) motion based on the third ground, she 'should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Lewis v. Fikes Wholesale, Inc.*, 2022 WL 2760797, at *2 (S.D. Miss. July 14, 2022) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Here, Ms. Williams argues that the Court committed "manifest error" by compelling arbitration because, in her view, Kikoff Lending failed to submit competent evidence of a valid agreement to arbitrate. *See* [26] at 3-5. The Court rejects that contention. In its prior Order, the Court found that Kikoff Lending submitted an authenticated Agreement and reflecting Ms. Williams' electronic signature and supported it with a sworn declaration. [15] Ex. 1. The Court sees no manifest error in that conclusion. Ms. Williams' argument that Kikoff Lending was required to produce metadata, timestamps, or other similar digital evidence does not establish that the Court disregarded controlling law. [26] at 5. Mississippi Law, consistent with the Uniform Electronic Transactions Act, recognizes the enforceability of electronic signatures. *See* Miss. Code Ann. § 75-12-13; *see also Buckhalter v. J.C. Penney Corp.*, 2012 WL 4468455, at *2 (S.D. Miss. Sept. 25, 2012).

Finally, Ms. Williams' relies on an "affidavit" submitted within her motion for reconsideration in which she states she never signed or agreed to any arbitration agreement. [26] at 7. The Court has already found that, in opposing the motion to compel arbitration, Ms. Williams failed to submit any evidence disputing the authenticity of the Agreement or denying that she executed it. Rule 59(e) does not permit a party to withhold evidence available earlier and then submit it after an adverse ruling in order to relitigate the result. *Templet*, at 479. Ms. Williams' denial of assent rests on information that was within her knowledge when she opposed the motion to compel arbitration. The Court therefore declines to rehash the issue and declines to treat her late-filed "affidavit" as a basis to vacate the prior Order.

Ms. Williams has not demonstrated a manifest error of law or fact, newly discovered evidence, or any other basis warranting reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. She instead expresses disagreement with the Court's prior assessment of the record and argues that the Court should have required different evidence before compelling arbitration. Rule 59(e) does not authorize reconsideration on that basis, and thus the Court will deny the motion.

## III. CONCLUSION

ACCORDINGLY, Ms. Williams' Motion for Reconsideration [26] is DENIED. Her Motion for Expedite Ruling [28] and Motion to Lift Stay [33] are hereby DENIED as moot. This case shall remain stayed pending the outcome of arbitration, and the parties are required to continue to submit written reports to the Court on a quarterly basis.[1]

---

[1] The parties' prior status report [30] and memoranda regarding the motion to lift the stay [33], [34], which attribute delay to the other side, do not assist the Court. The Agreement expressly provides that, when a court compels arbitration after a party files a suit, "it will be the responsibility of the party prosecuting the Claim(s) to commence the arbitration proceeding ...." [15] Ex. 1 at 9. Because Ms. Williams proceeds *pro se*, the Court clarifies that this provision governs initiation. The Court expects both parties to proceed promptly and cooperate in scheduling arbitration.

SO ORDERED this the 6th day of February, 2026.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI